**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 20 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ORLANDO F. RODRIGUEZ,

      Petitioner-Appellant,

v.

SAN JUAN MAGISTRATE COURT;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2239
(D.C. No. CIV-96-1599-LH)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

   [*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Orlando Rodriguez, appearing *pro se,* appeals the district court's order dismissing his petition for writ of habeas corpus, and the district court's subsequent denial of his application for a certificate of appealability.

At the time Mr. Rodriguez filed his original petition, he was incarcerated in the San Juan County Jail pursuant to an order finding him in contempt of court for failure to appear for trial on criminal charges. During the pendency of that action, Mr. Rodriguez was convicted of resisting an officer and misdemeanor aggravated battery and began serving sentences imposed for those convictions.

Mr. Rodriguez raised six claims in his petition: (1) "The judicial process in the State of New Mexico is corrupt and [he] is unable to enforce in any state court federal laws providing for his equal civil rights."; (2) "There is no lawful San Juan County District Attorney" to prosecute his cases; (3) he was "unlawfully arrested"; (4) he was "unlawfully incarcerated"; (5) he was "denied provisions of the 'Duran Consent Decree' while incarcerated"; and (6) "Public funds, both state and federal, were spent unlawfully to deny [him] the means to enforce in state courts federal laws providing for his equal rights or those rights afforded to others." The magistrate judge assigned to the case determined Mr. Rodriguez had not exhausted his state remedies and recommended the petition be dismissed

without prejudice.

After a *de novo* review of the record, including Mr. Rodriguez' written objections to the magistrate judge's findings and proposed disposition, the district court adopted the magistrate judge's findings and recommendation and dismissed Mr. Rodriguez' action, without prejudice. Mr. Rodriguez then filed a notice of appeal, but was denied a certificate of appealability when the district court determined there was no substantial issue of law for our review.

An appeal cannot be taken to this court in a 28 U.S.C. § 2254 proceeding unless the petitioner has obtained a certificate of appealability by making a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). Our review of Mr. Rodriguez' opening brief and the entire court record does not disclose any showing of the denial of a constitutional right. While Mr. Rodriguez raises many serious charges, he fails to demonstrate that the magistrate judge erred in concluding he had not exhausted his state court remedies. When the district court entered its order of dismissal, Mr. Rodriguez had not exhausted his state court remedies as required by law. *See generally Rose v. Lundy*, 455 U.S. 509 (1982). Therefore, as a matter of law, we are unable to consider his petition.

Mr. Rodriguez' request for a certificate of appealability is DENIED.  The

appeal is  **DISMISSED** .


                                        **Entered for the Court**


                                        **WADE BRORBY**
                                        United States Circuit Judge